NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3166

EVERETTE A. JONES,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Everette A. Jones, of Aurora, Colorado, pro se.

Lauren A. Moore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3166

EVERETTE A. JONES,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Petition for review of the Merit Systems Protection Board in DE3443070395-I-1.

_____

DECIDED: July 10, 2008

_____

Before LOURIE, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

PER CURIAM.

Everette A. Jones (Mr. Jones) petitions for review of the United States Merit Systems Protection Board's (Board) final order in <u>Jones v. Department of Defense</u>, DE3443070395-I-1 (Dec. 12, 2007). The Board made final the administrative judge's initial decision, which dismissed Mr. Jones's appeal for lack of jurisdiction. We <u>affirm</u>.

## BACKGROUND

Mr. Jones was employed with the Defense Commissary Agency (DCA). Mr. Jones was absent from duty on July 2, 2006. He subsequently requested and was granted extended periods of sick leave beginning on July 17, 2006, which continued until September 14, 2006. Beginning on September 15, 2006, Mr. Jones served a disciplinary suspension. It is undisputed that after that suspension ended, Mr. Jones did

not report to duty. DCA placed Mr. Jones in a continuous absence without leave (AWOL) status from his position beginning September 22, 2006. Mr. Jones filed an appeal with the Board, alleging that the agency had constructively suspended him from work. On February 1, 2007, the administrative judge issued an initial decision finding that Mr. Jones failed to show that he provided the agency with his medical information as requested. After that appeal was dismissed for lack of Board appellate jurisdiction, Mr. Jones exchanged additional rounds of correspondence with the agency, and later filed a second Board appeal. The administrative judge dismissed that appeal for lack of jurisdiction in an initial decision dated September 14, 2007. The Board made the administrative judge's initial decision final on December 12, 2007. This appeal followed.

## DISCUSSION

We affirm a decision of the Board unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). A petitioner has the burden of establishing by a preponderance of the evidence that the Board has jurisdiction over an appeal. 5 C.F.R. §1201.56(a)(2)(i) (2007). An employee who alleges he was constructively suspended must prove by preponderant evidence that his absence was involuntary. Dize v. Army, 73 M.S.P.R. 635, 638 (1997).

Here, the Board carefully considered Mr. Jones's claims that his absence from work was involuntary. The Board reviewed the documentation in the record, and determined that Mr. Jones failed to meet his burden of establishing that his absence was involuntary and hence that he was constructively suspended for more than 14

days, entitling him to appeal to the Board. The Board found that Mr. Jones failed to supply "administratively acceptable" documentation regarding his medical condition. The cases cited by Mr. Jones in his petition do not support his position that he was constructively suspended from his job. See, e.g., Wade v. Dep't of the Navy, 829 F.2d 1106 (Fed. Cir. 1987) (agency conceded petitioner submitted medical evidence to substantiate his illness); Schultz v. Dep't of the Navy, 810 F.2d 1133 (Fed. Cir. 1987) (petitioner's doctor certification fully supported leave request but agency forced immediate decision to accept AWOL status or resign).

We have considered, but reject, the remainder of Mr. Jones's arguments. We perceive no error in the Board's final decision dismissing the appeal for lack of jurisdiction, and we therefore affirm.

COSTS

No costs.